Lee, J.
This is an appeal from a decree of tbe Circuit court of Mason county, in a cause in wbicb tbe appellee Sebrell was complainant and tbe appellant Craig and one Samuel W. Price were defendants.
Tbe bill was filed seeking to subject certain property claimed and field by tbe defendant Craig to tbe satisfaction of a judgment recovered by tbe appellee against tbe said Price, and wbicb it was alleged constituted, *132 at the time of its rendition, a lien upon the said property, Price being at that time the owner thereof.
Price was treated in the bill as an absentee from the commonwealth, and the process against him was returned “ not foundnor did he at any time answer the bill or appear in the cause.
Craig answered the bill, contesting the complainant’s right to subject the property in question on various grounds. To his answer the complainant filed an exception for his omission to answer one allegation of the bill alleged to be material, but Craig insisted that the exception was not well taken. The court, however, sustained the exception, and required him to file another answer; which was done.
. The cause came on to be heard on the bill, answer, replication and exhibits, the papers in an injunction case of said Price against said Sebrell, decided in the same court at a previous term, and an order of publication returned duly executed; and the court thereupon pronounced a decree maintaining the right of the complainant to charge an interest in the property in question by way of lien, and directing a sale of such interest for satisfaction of his demand if the same should not be paid within thirty days. To this decree Craig obtained a supersedeas from this court.
The ground of objection taken and relied upon by the appellant is, that the court erred in sustaining the exception to his answer, because, as he alleges, the exception was not well taken, in that it failed to give the page of the bill on which the allegation omitted to be answered was to be found. This was purely a matter of practice within the discretionary control of the court; and a departure from what may have been the previous course of the court upon that subject would certainly furnish no ground for reversing the decree. Besides, the party submitted to the order of the court requiring him to file a better answer, and *133 did file another accordingly; and there the subject of the exception properly ended.
The next objection is, that the court erred in hearing the cause at the time it rendered its decree, because, as it is alleged, Price had not been brought before the court either by an answer, or subpoena served, or order of publication duly executed.
It is certainly correct that no decree should be rendered affecting the interest of an absent defendant, unless it appear (if he be not otherwise brought before the court,) that he has been regularly proceeded against by order of publication duly published in a newspaper and posted at the front door of the court-house. Hadfield v. Jameson, 2 Munf. 53. And it would seem that the objection, for want of due publication against the absent defendant, may be taken by other defendants who may be affected by the decree against him; and if made in the appellate court, will prove fatal, though the absent defendant were not a party in the appeal. Hunter's ex'ors v. Spotswood, 1 Wash. 145; Gibson v. White, 3 Munf. 94. In many cases the affidavit of nonresidence, the award of the order of publication, and the proof of its due execution, appear as part of the record, and in this way the appellate court can readily see that due publication has been made. But this is not the only mode in which it may be made to appear to the appellate court. It has been held to be sufficient where the decree states that publication had been duly made; and 1 Wash, and 3 Munf. ubi supra. In the case of Hunter v. Spotswood, supra, the decree was reversed and the 'cause remanded, because the fact of publication nowhere appeared in the record: and the chancellor having amended his decree by stating that evidence of publication was before him, the cause went back to the court of Appeals, and the decree was there affirmed. In this case Price was treated as an absent defendant in the bill, and the subpoena against him was returned not found; and the chancellor states in his decree that the cause *134 was heard on the bill, &c. and the order of publication returned duly executed. Thus it must be inferred that the manner of proceeding against the nonresident Price was in the mind of the chancellor, and the subject of his consideration at the time he pronounced his decree; and that decree must be regarded as solemnly affirming that there was an order of publication duly taken against Price, and that it was duly published and posted as the law directs; otherwise, it could in no sense be said to have been duly executed; and the verity of the record upon this point is not to be called into question by any averment or proof to the contrary. Calwells v. Sheilds, &c., 2 Rob. R. 305. I am of opinion that the objection made upon this ground cannot be maintained.
The next ground of error assigned is, that the court erred in looking into the papers of the injunction case of Price v. Sebrell, upon the hearing of this cause. It does not distinctly appear whether the papers at large of that case, or only certain abstracts of judgments and a copy of an injunction bond, taken from that case, were read on the hearing of this cause; nor is it material how this was. I cannot perceive how the reading of all or any of the papers of that cause did or could prejudice the defendants on the hearing of this, excepting that it disclosed the fact that the defendant Craig was the surety of Price in the injunction bond given by him for the purpose of enjoining proceedings under this very judgment, and thus maintains the allegation of the bill of notice on the part of Craig of the complainant’s judgment when he subsequently took his deed of trust: and to ascertain this, the injunction case might properly have been looked into. But in truth the principal if not the only influence of the injunction cause was beneficial to the defendants; because from it the amount of the complainant’s demand in this case was considerably reduced; and the record also verifies a fact, which seems to have been relied *135 upon by Craig at the hearing of the cause, and which no otherwise appeared, that he had taken his deed of trust pending the injunction, and whilst execution upon the judgment was suspended. The objection that this injunction case should not have been looked into, because it had not been made part of this case by the bill or answer, nor made an exhibit by any entry on the order book, is sufficiently answered by the decree, which itself makesit an exhibit in this cause.
The last objection taken is, that the court erred in allowing the lien of the appellee’s judgment; and it is added, “ it will be perceived that Price was but a security.” I perceive no reason why this judgment should not have been held to be a lien upon the land of Price, which he subsequently conveyed. That Price was but a surety in the original debt, that there was a considerable lapse of time after the judgment before the conveyance, and the fact that at the time it was executed execution was suspended by the injunction, though relied upon by the defendant Craig in his defence, constituted no valid objection. Craig, in his answer, does not deny the allegation of the bill that he had full notice of the judgment when he took his deed of trust; and it appears he was himself Price’s security in the injunction to this very judgment; so that the lien of the judgment was unaffected as against Craig, even if never docketed in the County court; and no reason appears why it should not have been enforced in the manner directed by the decree against the property in the hands of Craig.
I am of opinion, therefore, that there is no error in the decree of which the appellant can complain, and that the same should be affirmed with costs to the» appellee.
The other judges concurred in the opinion of Lee, J.
Decree affirmed.